# NO. 12-20-00028-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN FREDRICK OSTRANDER,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

John Fredrick Ostrander appeals his conviction for duty status not current. In one issue, Appellant challenges the trial court's denial of his motion to quash the complaint. We affirm.

### BACKGROUND

Appellant was charged by complaint with duty status not current. He was convicted in Anderson County Justice Court, Precinct 2, Place 1 and assessed a fine of $156.00. Appellant appealed his conviction to the County Court of Anderson County, where he filed a motion to quash the complaint on the ground that it fails to allege a violation of a Texas statute and therefore the trial court[1] lacked jurisdiction in the matter. After a hearing, the trial court denied the motion to quash.

Ultimately, Appellant pleaded "guilty," and the trial court assessed his punishment at a fine of $200.00. This appeal followed.

---

[1] When an appellant appeals from a justice court conviction, he is tried de novo in the court with appellate jurisdiction. TEX. CODE CRIM. PROC. ANN. art. 4.08 (West 2005).

## MOTION TO QUASH

In Appellant's sole issue, he argues that the trial court erred by denying his motion to quash the complaint because the complaint fails to allege that he committed an offense against the laws of the State of Texas. Noting that the complaint cites Federal Motor Carrier Safety Regulations Title 49 Part 395.8(f)(1)[2] as its basis, Appellant argues that the complaint alleges a violation of only federal law, and, therefore, the trial court lacked jurisdiction in the matter. We disagree.

While a violation of Regulation 395.8 is a violation of federal law, it is also a violation of Texas law. The director of the Texas Department of Public Safety has the authority to adopt federal safety rules regulating the safe operation of commercial motor vehicles by reference. TEX. TRANSP. CODE ANN. § 644.051(a)(2), (c) (West 2011). In Section 4.11 of the Texas Administrative Code, the public safety director incorporates by reference a number of federal safety regulations, including Regulation 395.8. *See* 37 TEX. ADMIN. CODE § 4.11(a) (2020). Section 644.151 of the Texas Transportation Code makes a violation of these adopted rules a Class C misdemeanor. TEX. TRANSP. CODE ANN. § 644.151(a)(1), (b) (West Supp. 2019).

Because a violation of Regulation 395.8 is a Class C misdemeanor in Texas, the trial court had jurisdiction in the matter and did not err by denying Appellant's motion to quash the complaint. *See id.*; TEX. TRANSP. CODE ANN. § 644.051(a)(2), (c); 37 TEX. ADMIN. CODE § 4.11(a); *see also* TEX. CODE CRIM. PROC. ANN. § 4.08(a) (West 2005). Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Regulation 395.8(f)(1) requires drivers of commercial motor vehicles in general to keep their records of duty status current to the time shown for the last change of duty status. 49 C.F.R. § 395.8(f)(1) (2019).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

**NO. 12-20-00028-CR**

**JOHN FREDRICK OSTRANDER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court
of Anderson County, Texas (Tr.Ct.No. 65582A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*